No. 68111.—New York Merchandise Co., Inc. *v.* United States, protest 63/3326 (San Diego).

RICHARDSON, Judge: The merchandise involved in the instant protest consists of wool tubular rugs, which are covered by entry No. DE 924 at the port of San

Diego, Calif. It is claimed that liquidation of said entry is void, because final appraisement has not been completed with respect to all of the items of merchandise covered thereby; that, with respect to the said wool tubular rugs, there is pending in this court an appeal for reappraisement under R60/10342-371; and that said reappraisement appeal is suspended under R58/23790-09443.

Entry No. DE 924 also covers, among other things, an item of merchandise, consisting of bamboo blinds, that was the subject of an appeal for reappraisement under R60/10343-372, which was dismissed by reason of abandonment, by order of the court, dated April 23, 1962 (initial No. R60/6040). It appears that, following the dismissal of the appeal pertaining to the bamboo blinds as aforesaid, said entry was returned to the collector at San Diego, and the liquidation complained of herein was made thereupon on October 25, 1962. The entry was subsequently returned to the court, where it now is associated with the official papers in the pending reappraisement appeal under R60/10342-371.

Against this background, the instant protest was submitted to the court upon a stipulation, as follows:

MR. SHOSTAK: Your Honor, the merchandise in this particular question involved in this case, which is an administrative case, is whether or not the liquidation of the entry was invalid. Plaintiff has in its protest recited that at the time of the liquidation of the entry with an increase in duty, there was an existing, pending appeal on wool tubular rugs.

We offer to stipulate that the liquidation of the entry was premature since this existing, proper appeal, was pending at that time.

MR. KAPLAN: I am advised by the people in the Collector's office in San Diego, that that is the fact, and the Government does so stipulate.

Accepting this stipulation as evidence of the facts, and upon the authority of *Stubbs* v. *United States*, 7 Ct. Cust. Appls. 399, T.D. 36967, we hold that liquidation of the entry covered by the instant protest is premature, illegal, and void, in view of the pendency of a reappraisement appeal affecting said entry. Although appraisement has become final with respect to some of the items of merchandise covered by the involved entry, including the said bamboo blinds, appraisement has not become final with respect to the merchandise covered by the pending appeal, namely, wool tubular rugs. It is the duty of the collector to abstain from liquidating the involved entry on wool tubular rugs until appraisement has become final.

The matter is remanded to the single judge in reappraisement before whom the case is pending on the suspension calendar.

Judgment will be entered accordingly.